UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    -vs-<br><br>VICTOR DAVID SERRANO-CORREA,<br><br>    Defendant. | No.   2:10-CR-2134-WFN<br><br>ORDER DENYING MOVANT'S<br>§ 2255 MOTION |

Before the Court is Victor David Serrano-Correa's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241, ECF No. 51. Mr. Serrano-Correa originally filed the pending Motion on June 11, 2014 in the United States District Court for the District of South Carolina. That court re-characterized Mr. Serrano-Correa's Motion as a habeas petition pursuant to 28 U.S.C. § 2255 and transferred the Motion to this Court on September 19, 2014. Mr. Serrano-Correa is appearing *pro se* in these proceedings.[1]

## BACKGROUND

On December 7, 2010, the Government filed a three count Indictment against Mr. Serrano-Correa charging him with (1) Alien in United States after Deportation in violation of 8 U.S.C. § 1326, (2) Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and (3) Alien in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(5). Defendant pleaded guilty to Count 1 on January 24, 2011. In the plea agreement, Defendant waived his right to appeal his conviction and sentence and waived his right

---

[1] The District Court for the District of South Carolina denied Mr. Serrano-Correa's request to appoint counsel three times. *See United States v. Serrano-Correa*, 2:14-CV-3135-WFN, ECF Nos. 29 and 38.

ORDER DENYING MOVANT'S § 2255 MOTION - 1

to file "any post-conviction motion, including a motion pursuant to 28 U.S.C. § 2255." ECF No. 31 at 8. On May 17, 2011, the Court sentenced Mr. Serrano-Correa to 50 months imprisonment. Judgment was entered on May 18, 2011. A First Amended Judgment and a Second Amended Judgment, correcting clerical errors, were filed May 24, 2011.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, there are four grounds for a court to grant relief to a prisoner who challenges his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Although there are four categories, the claims that fall within the scope of § 2255 are minimal. *United States v. Wilcox,* 640 F.2d 970, 972 (9th Cir.1981). A motion filed pursuant to § 2255 must contain specific facts which would entitle an individual to relief. *United States v. Rodriguez,* 347 F.3d 818, 824 (9th Cir.2003). The Court may dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255, Rules, Rule 4(b).

## DISCUSSION

Mr. Serrano-Correa asserts various grounds for vacating his sentence and requiring his immediate release. The Court, however, need not reach the merits of his claims because (1) Mr. Serrano-Correa waived his right to file post-conviction motions, including a § 2255 Motion, in his plea agreement, and (2) his request is untimely.

**1. Plea agreement waiver**

A criminal defendant's knowing and voluntary waiver of the right to collaterally attack his sentence is generally enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (noting that the right to collateral attack is a statutory right and that a waiver of statutory rights is enforceable); *but see id.* (noting that a plea agreement waiver

would not foreclose a claim of ineffective assistance of counsel or involuntariness of waiver).

As memorialized in his plea agreement, Mr. Serrano-Correa waived both his right to appeal his sentence and to file a post-conviction motion. Mr. Serrano-Correa does not allege that this waiver, or his plea in generally, was not made knowingly and voluntarily. Mr. Serrano-Correa also does not allege ineffective assistance of counsel. Because Mr. Serrano-Correa fails to provide specific facts that would invalidate the waiver of his right to file a post-conviction motion, the Court will not consider the merits of his Motion.

**2. Timeliness**

Even if Mr. Serrano-Correa's waiver was unenforceable, his Motion is still barred because it is untimely. A § 2255 motion must generally be filed within one year of the date the judgment becomes final. 28 U.S.C. § 2255(f). A judgment and sentence imposed by the Court becomes final after 14 days of entry of judgment, which is the time in which the defendant must file a Notice of Appeal. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Mr. Serrano-Correa's conviction became final on June 1, 2011, 14 days after the Court's entry of judgment against Mr. Serrano-Correa. The one-year statute of limitations for filing a § 2255 motion expired on June 1, 2012. Mr. Serrano-Correa did not file the pending Motion for over two years after the expiration of the statute of limitations.

Mr. Serrano-Correa asserts a claim of actual innocence that would allow him to file his Motion beyond the expiration of the statute of limitations pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In *McQuiggin*, the Court held that "[a]ctual innocence, if proved, serves a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." 133 S. Ct. at 1928. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare." *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id. See also Schlup v. Delo,* 513 U.S. 298,

324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence....").

Mr. Serrano-Correa does not meet this burden. Mr. Serrano-Correa argues that his 2002 deportation proceeding (which resulted in the predicate offense for the charge of Alien in United States after Deportation) was legally flawed because the tribunal did not advise him of his right to appeal its decision, thus causing fundamental unfairness and denying Mr. Serrano-Correa the opportunity for judicial review. Mr. Serrano-Correa does not present any new evidence that would tend to show that he was innocent of his conduct considered at the deportation hearing. Because Mr. Serrano-Correa fails to meet his burden to prove actual innocence, he fails to assert grounds to overcome the statute of limitations, and his Motion is untimely.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes jurists of reason would not find the Court's rulings debatable. Thus, a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed September 18, 2014, **ECF No. 51**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to *pro se* Movant and to the United States Attorney in Spokane, Washington;

- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **2:14-CV-03135-WFN**.

**DATED** this 29th day of September, 2014.

09-25-14

s/ Wm. Fremming Nielsen<br>WM. FREMMING NIELSEN<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER DENYING MOVANT'S § 2255 MOTION - 5